J-S14016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES EDWARD BORTZ, | |
| Appellant | No. 1262 MDA 2016 |

Appeal from the Judgment of Sentence July 14, 2016
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000617-2006

BEFORE: GANTMAN, P.J., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 12, 2017**

Appellant, James Edward Bortz, appeals from the judgment of sentence entered on July 14, 2016, following the revocation of his probation. Appellate counsel has filed a petition to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern withdrawal from representation on direct appeal. After review, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

The relevant facts of this case were set forth by the trial court as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

On May 8, 2006, Appellant James Bortz pled guilty to statutory sexual assault, a felony of the second degree, and corruption of minors, a misdemeanor of the first degree. On July 5, 2006, the Honorable William S. Kieser sentenced [Appellant] to 8 months to 10 years' incarceration in a state correctional facility for statutory sexual assault[1] and a consecutive term of two years' probation for corruption of minors.[2] The focus at the sentencing hearing was getting [Appellant] sexual offender treatment, which he could receive in a state correctional facility but would not receive in the county prison. Unfortunately, [Appellant] failed or refused to complete sexual offender treatment, and he "maxed out" his state sentence.

On July 14, 2016, [Appellant] came before the court for a probation violation hearing based on his failure to be processed into and complete a sexual offender treatment program. There was no dispute that [Appellant] did not complete the sexual offender treatment program while he was incarcerated in state prison or that he was not currently enrolled in such programming.

[Appellant's] counsel argued that his probation should not be revoked based on his failure to complete the treatment, especially since he already served 10 years in state prison as a result of that failure. Counsel also noted that, as a sexually violent predator,[1] [Appellant] was required to complete monthly counseling. If he failed to complete his counseling while he was out on the street, not only would he be in violation of his probation, but he would also be subject to further criminal prosecution and face an additional 2½ to 5 years' incarceration.

> [1] [Appellant] was designated a sexually violent predator in a separate case, CP-41-CR-1906-2003.

[Appellant's] probation officer, Loretta Clark, noted that [Appellant] did not have a residence to be released to and he chose to max out his state prison sentence instead of attending any of the programs. Ms. Clark also noted that she did not think

_____

[1] 18 Pa.C.S. § 3122.1(a).

[2] 18 Pa.C.S. § 6301(a)(1).

[Appellant] would comply with any kind of counseling out on the street since he had the option to be released from jail years ago if he complied but he still chose not to do so.

[Appellant] stated that he had a place at the American Rescue Workers and he asked to be given a second chance to try to do the individual counseling on his own. Ms. Clark, however, noted that the American Rescue Workers do not take sexually violent predators.

The court found [Appellant] in violation of his probation and re-sentenced him to serve 6 months to 2 years' incarceration in a state correctional institution. [Appellant] filed a motion for reconsideration of sentence, which the court summarily denied.

Trial Court Opinion, 11/8/16, at 1-2.

Appellant filed a timely appeal on July 28, 2016, and on August 4, 2016, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a timely Pa.R.A.P. 1925(b) statement on August 17, 2016, and on November 8, 2016, the trial court filed its Pa.R.A.P. 1925(a) opinion.

Before we address the questions raised on appeal, we must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*); *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) ("When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to [his client]; and 3) advise [his client] that he or she has the right to retain private counsel or raise additional arguments that the [client] deems worthy of the court's attention.

*Cartrette*, 83 A.3d at 1032 (citation omitted).

> In addition, our Supreme Court stated that an *Anders* brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. The Supreme Court reaffirmed the principle that indigent appellants "generally have a right to counsel on a first appeal, [but] . . . this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing such an appeal." *Id*. at 357 (citation omitted).

Appellant's counsel has complied with the first prong of ***Santiago*** by providing a summary of the procedural history in the ***Anders*** brief. He has satisfied the second prong by referring to any evidence in the record that he believes arguably supports the appeal. Counsel also set forth his conclusion that the appeal is frivolous and stated his reasons for that conclusion, with appropriate support. Moreover, counsel filed a separate motion to withdraw as counsel, wherein he stated that he examined the record and concluded that the appeal is wholly frivolous. Further, counsel has attempted to identify and develop any issues in support of Appellant's appeal. Additionally, counsel sent a letter to Appellant, and he attached a copy of the letter to his ***Anders*** Brief. Counsel stated that he informed Appellant that he has filed a motion to withdraw and an ***Anders*** brief, and he apprised Appellant of his rights in light of the motion to withdraw as counsel. Appellant has not filed any response to counsel's motion to withdraw. Thus, we conclude that the procedural and briefing requirements of ***Anders*** and ***Santiago*** for withdrawal have been met. "Therefore, we now have the responsibility to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Commonwealth v. Tukhi***, 149 A.3d 881, 886 (Pa. Super. 2016) (citation and internal quotation marks omitted).

In the ***Anders*** brief, counsel presents the following issues for our review:

I. Whether an application to withdraw as counsel should be granted where counsel has investigated the possible grounds for appeal and finds the appeal frivolous?

II. Did the trial court abuse its discretion when it denied [Appellant's] motion for a reconsideration of his probation violation sentence when it failed to take into consideration [Appellant's] rehabilitative needs, since [Appellant] had already served a ten year sentence and would be unable to complete the sexual offender rehabilitation program if he returned to state prison?

*Anders* Brief at 10. Appellant's first issue concerns counsel's request to withdraw, and it will be addressed concurrently with Appellant's second issue challenging the discretionary aspects of his sentence.

As this Court clarified in *Cartrette*, our scope of review following the revocation of probation is not limited solely to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. *Cartrette*, 83 A.3d at 1033-1034. Rather, it also includes challenges to the discretionary aspects of the sentence imposed. Specifically, we unequivocally held that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Id*. at 1034. Further, as we have long held, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000).

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. ***Commonwealth v. Hartle***, 894 A.2d 800, 805 (Pa. Super. 2006). Instead, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id***. at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)).

Pennsylvania Rule of Appellate Procedure 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Moury***, 992 A.2d at 170

(citing **Commonwealth v. Mann**, 820 A.2d 788 (Pa. Super. 2003)). In addition, Pa.R.Crim.P. 708 provides that a motion to modify sentence must be filed within ten days of the imposition of sentence following the revocation of probation. Pa.R.Crim.P. 708(D). As the comment to Rule 708 explains:

> Issues properly preserved at the sentencing proceeding need not, but may, be raised again in a motion to modify sentence in order to preserve them for appeal. In deciding whether to move to modify sentence, counsel must carefully consider whether the record created at the sentencing proceeding is adequate for appellate review of the issues, or the issues may be waived.

Pa.R.Crim.P. 708 cmt. Thus, an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or during the sentencing proceedings. **See Commonwealth v. Parker**, 847 A.2d 745 (Pa. Super. 2004) (holding challenge to discretionary aspect of sentence was waived because appellant did not object at sentencing hearing or file post-sentence motion).

In the instant case, Appellant filed a timely appeal, the issue was properly preserved in his post-sentence motion, and the **Anders** brief contains a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence pursuant to Pa.R.A.P. 2119(f). Accordingly, we must determine whether Appellant has raised a substantial question that the sentence is not appropriate under 42 Pa.C.S. § 9781(b). **Moury**, 992 A.2d at 170.

Here, we conclude that Appellant's challenge to the imposition of his sentence as excessive, together with his claim that the trial court failed to consider his rehabilitative needs,[3] presents a substantial question. *See Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) (excessive sentence claim, in conjunction with assertion that court failed to consider mitigating factors, raises a substantial question).[4] Accordingly, we address the merits of Appellant's claim.

As stated above, the conviction at issue is for corruption of a minor, a misdemeanor of the first degree. After the revocation of probation, the trial court imposed a standard-range sentence under 204 Pa. Code § 303.16 of six to twenty-four months of incarceration. Appellant provides no basis upon which we can conclude the trial court abused its discretion in this regard, and we deem Appellant's claim of excessiveness specious. Moreover, and

_____

[3] *Anders* Brief at 14, 18.

[4] Despite concluding that the appellant raised a substantial question, we noted in *Johnson* as follows:

> This Court has offered "less than a model of clarity and consistency" in determining whether this particular issue raises a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013); *see also Commonwealth v. Seagraves*, 103 A.3d 839, 841-842 (Pa. Super. 2014). Nevertheless, as the *Dodge* Court stated, "unless an *en banc* panel of this Court or our Supreme Court overturns these decisions, we are bound to follow them." *Dodge*, 77 A.3d at 1273.

*Johnson*, 125 A.3d at 826 n.2.

contrary to Appellant's argument, the trial court thoroughly considered Appellant's rehabilitative needs. N.T., 7/14/16, at 7-8. The trial court discussed Appellant's designation as a sexually violent predator, the need for sex-offender treatment in a state correctional facility, previous refusals to participate in treatment, and his opportunities to be released on parole and re-enter society. *Id*. Appellant's claims that the trial court failed to consider his rehabilitative needs is meritless. For these reasons, we conclude that Appellant is entitled to no relief on appeal.

We have independently reviewed the record in order to determine if counsel's assessment about the frivolous nature of the present appeal is correct. *Tukhi*, 149 A.3d at 886; *see also Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (after determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must conduct an independent review of the record to determine if there are additional, non-frivolous issues overlooked by counsel). After review of the issues raised by counsel and our independent review of the record, we conclude that an appeal in this matter is frivolous. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2017